IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT C. WALKER ) | CASE NO. 1:10CV0685 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE JAMES S. GWIN |
| v. ) | |
| ) | |
| WILLIAM T. MCGINTY, et al. ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendants. ) | |

Plaintiff *pro se* Robert C. Walker brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against his Attorneys, William T. McGinty and James E. O'Brien and Cuyahoga County, Ohio Common Pleas Court Judge Nancy A, Fuerst. Plaintiff is currently under indictment in the Common Pleas Court of Cuyahoga County, Ohio in Case Number CR-09-529861 charged with one count of kidnapping (R.C. 2905.01) seven counts of rape (R.C. 2907.02) one count of sexual battery, (R.C. 2907.03), seven counts of unlawful sexual conduct with minor, (R.C. 2907.04, four counts of gross sexual imposition (R.C. 2907.05) 2 counts of attempted sexual battery (R.C. 2907.03)and two counts of attempted unlawful conduct with minor (R.C. 2907.04). He alleges that the Defendants will not allow him to be physically present at any of his proceedings. Hearings are allegedly occurring without his knowledge. Plaintiff requests that a federal attorney come to his hearing and tell the Judge and Attorney McGinty that his rights have been violated.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989);

*Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Plaintiff wants this Court to dismiss all charges against him that are pending in the Cuyahoga County Common Pleas Court. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). It is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 4.

All three factors supporting abstention are present in this case. The issues presented in the Complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Furthermore, Plaintiff has the opportunity to raise any defects in his criminal case in the state court. Consequently, this Court is required to abstain from intervening in the state court proceedings.

Judge Fuerst is a Common Pleas Court Judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge

Fuerst acted outside the scope of her official duties. Judge Fuerst is definitely acting within the scope of her official duties in presiding over Plaintiff's court case.

Plaintiff's Attorneys, William McGinty and James E. O'Brien, are not responsible for the manner in which court proceedings are conducted.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: May 20, 2010            *s/ James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE